IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JOYCE YATES-JONES | : | |
|  | : | |
| v. | : | CIVIL NO. CCB-07-977 |
|  | : | |
| KELLOGG COMPANY, ET AL. | : | |
|  | : | |

...o0o...

**MEMORANDUM**

Joyce Yates-Jones filed this suit in Maryland Circuit Court against Kellogg Company ("Kellogg") and Giant Food, Inc. ("Giant"), alleging liability stemming from the purchase of a box of "Frosted Flakes" breakfast cereal. Specifically, Yates-Jones alleges that the defendants manufactured and sold a defective product, were negligent, and breached implied warranties. Kellogg removed the case to this court, and now pending is Yates-Jones's motion to remand the matter to state court. The matter has been briefed and no hearing is necessary. *See* Local Rule 105.6. For the following reasons, Yates-Jones's motion to remand will be granted.

Yates-Jones alleges that on January 18, 2004, she bought a sealed package of Frosted Flakes breakfast cereal from a Giant grocery store in Glen Burnie, Maryland. (Compl. at ¶ 5.) The next day, while eating a bowl of cereal, plaintiff bit into a "food lump" of the Frosted Flakes, which severely injured Yates-Jones's teeth and mouth. (*Id.* at ¶ 6.) As a result of the injuries, Yates-Jones alleges she sustained dental costs of $1,655.00 with further anticipated treatment costs also of $1,655.00. (*Id.* at ¶ 7.) Yates-Jones also claims to have experienced emotional trauma, pain and suffering as a result of the injuries, and seeks a total of $150,000

1

from the defendants.

In January 2007, the plaintiff filed suit against Kellogg and Giant in Baltimore City Circuit Court alleging special liability in tort (Count 1), negligence (Count 2), and breach of warranty (Count 3).  On March 1, 2007, Kellogg filed an answer to the plaintiff's complaint. (Def.'s Mem. at Ex. B.)  On March 14, Giant filed a motion to dismiss, or in the alternative for summary judgment, asserting it was entitled to immunity under the "sealed receptacle defense." (*Id.* at Ex. C.)  Yates-Jones responded to Giant's motion by recognizing that Giant may have a defense under the sealed receptacle statute, but stated that she had not verified Giant's affidavit. (*Id.* at Ex. D.)

On April 11, Judge Gale Rasin held a motions hearing in Baltimore City Circuit Court regarding Giant's motion for summary judgment.  At the hearing, the plaintiff stated that she did not oppose Giant's motion for summary judgment:

Mr. Parler: Your Honor, having reviewed the plaintiff's opposition ...

The Court: I've read it.  I've read it.  I understand it's the sealed container ...

Mr. Parler: Yes.

The Court: Okay.

Mr. Lewis: I don't think it's opposed at this time, your Honor.

(Letter of August 14, 2007, attached Tr. at 2).  Plaintiff's counsel explained further: "If in discovery something develops, the statute provides that I can bring Giant back.  So that was my only concern." (*Id.* at 3.)  Judge Rasin then granted Giant's motion for summary judgment. (Def.'s Mem. at Ex. E.)

On April 17, 2007, because Giant, the in-state defendant, had been granted summary

judgment, Kellogg filed a notice of removal on diversity grounds. Yates-Jones filed a motion to remand on May 1, arguing that she did not voluntarily dismiss the claim against Giant. Yates-Jones claims that the action is subject to reinstatement, contingent upon facts developed in the discovery process. (Pl.'s Mem. at 1.) Yates-Jones further states that removal of the action is improper because it was not timely filed within thirty days of receipt of the complaint. (*Id*. at 2.) Yates-Jones also requests attorneys fees under 28 U.S.C. § 1447(c). (*Id.* at 3.)

## ANALYSIS

The federal removal statute, 28 U.S.C. § 1446, provides in relevant part:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. ... If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Yates-Jones first argues that removal is inappropriate because she did not voluntarily dismiss Giant Food from the case. She alternatively argues that a remand to state court is mandated because Kellogg did not timely remove. The first argument is dispositive.

Cases originally filed in state court may be removed to federal court if complete diversity exists. 28 U.S.C. § 1441(b); *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996). Where a plaintiff has sued both an in-state defendant and an out-of-state defendant, diversity will be deemed to exist if the plaintiff voluntarily dismisses the case against the resident defendant. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988); *see also* 14B C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* 3d § 3723 (1998). If the in-state

3

defendant has been involuntarily dismissed, however, complete diversity may only temporarily exist because a state appellate court may reverse the dismissal of the non-diverse party. *Higgins*, 863 F.2d at 1166; *Cox-Stewart v. Best Buy Stores, L.P.*, 295 F. Supp. 2d 566, 568 (D. Md. 2003). Such cases are not properly removable.

Given the plaintiff's reliance on the sealed receptacle statute, Md. Code Ann. Cts. & Jud. Proc. § 5-405, which permits reinstatement of a claim against the distributor in certain circumstances, it cannot be said that she has voluntarily dismissed her claim against Giant or abandoned it as in *Heniford v. American Motors Sales Corp.*, 471 F. Supp. 328, 334-35 (D. S.C. 1979). Rather, she conceded before Judge Rasin that Giant met the requirements to assert its affirmative defense, but did not relinquish the possibility that Giant might be reinstated as a defendant at a later time. Thus complete diversity may be only temporary.

Giant in response invokes the doctrine of fraudulent joinder, arguing that there is no chance the statutory conditions for reinstating the claim against it will be satisfied. Giant has a heavy burden to meet, however, in establishing there is no possibility the claim will be reinstated. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999); *see also Christensen v. Philip Morris, Inc.,* 198 F. Supp. 2d 713, 714 (D. Md. 2002). Given that all doubts are to be resolved in favor of remand, and considering the waste of time and money that may ensue if this court eventually is determined not to have jurisdiction,[1] remand will be ordered. The question is sufficiently close, however, that an award of costs is not warranted.

---

[1] *See Baltimore County v. CIGNA Healthcare*, No. 06-1877, 2007 WL 1655461 (4th Cir. June 5, 2007).

A separate order follows.


 August 27, 2007                                        /s/
Date                                                Catherine C. Blake
                                                     United States District Judge